DRURY B. CADE, plaintiff in error, *vs.* ABRAM BURTON *et al.*, defendants in error.

In an action for false representation, by which the plaintiff was damaged, if the representation be by deed, so that the defendant is estopped from denying the fact, he may yet show that the plaintiff knew the truth, for the purpose of fixing a time when the right of action accrued, and the

Cade *vs.* Burton *et al.*

Statute of Limitations commenced running against the plaintiff's claim, it appearing that the plaintiff was seeking to avoid the statutory bar by showing that he had not discovered the fraud until long after the same was committed.

Evidence. Statute of Limitations. Fraudulent representations. Estoppel. Before Judge ANDREWS. Elbert Superior Court. March Adjourned Term, 1871.

Plaintiff in error filed his bill against defendants in error, in which he alleged that, in the year 1847, negotiations were pending between complainant and Abram Burton, which resulted in the purchase of a certain tract of land; that said Burton, in his deed to complainant, used the following language in the description of the land : "There is a disputed line or boundary between John D. Watkins and myself on the west of my tract, running out from Broad river, which I, the said Burton, exempt and exclude from the warranty, and leave that line and boundary to be adjusted by the said Cade with the said Watkins, without recourse on me;" that the truth was that said Burton and Watkins had agreed upon the line before the sale to complainant, which deprived him of a valuable portion of the land which he supposed he was purchasing; that, subsequently, Burton purchased the Watkins tract and could then have arranged with complainant said boundary line; that he failed so to do, and sold to the defendant in error, Uriah O. Tate, conveying the disputed tract. Complainant prayed that the line represented by said Burton to complainant, as the correct boundary, be decreed to be such, or that said Burton be decreed to pay to complainant the value of the disputed tract, with compensation for its use.

The jury found in favor of defendants, whereupon plaintiff in error moved for a new trial, upon the following, among other grounds : Because the Court erred in ruling that although the recital in the deed from Burton to Cade, (that there was a disputed line or boundary, etc.,) estopped said

Burton, yet, that he might prove facts contradicting it, and notice to Cade of the contradictory facts, in order to fix the time of discovery of the fraud, and, consequently the point from which the Statute of Limitations commenced to run.

The Court refused a new trial, and plaintiff in error excepted.

ROBERT TOOMBS, for plaintiff in error.

J. D. MATHEWS, for defendants, cited Code, section 2880; 35 Georgia Reports, 282; Code, section 2169, 2170; 1 Parsons on Contracts, 65–66; 3 Sugden on Vendors, 318; 2 Kent, 629, 630.

McCAY, Judge.

The defendant in this case had pleaded the Statute of Limitations; and the plaintiff, admitting that he was *prima facie* barred, undertook to show that the knowledge of his right of action had not come to him within the statutory period.

We recognize the rule that the defendant was estopped from denying his deed, so as to defend himself from the plaintiff's *cause of action;* he cannot show that he did not say what is in his deed. He is estopped from doing this. He cannot deny that the plaintiff *had* a cause of action against him. But it seems to us that this is a very different thing to what the Court permitted him to do, to-wit : to show that the plaintiff knew he had a cause of action far sooner than the plaintiff claims. In other words, all he was permitted to do was to show, not that his deed was not true, but that the plaintiff knew that it was not true, and failed to bring his action within the time prescribed by law, and that a legal presumption, therefore, exists that the right of action has, in some way, been satisfied.

It is a frequent occurrence, in jury trials, that evidence is admitted for one purpose only, though it often happens that, if it is to be taken for true, the mind can hardly fail to give it

weight, through all the issues in a case.   But this is a necessity, from the nature of jury trials.   The remedy for it is as was done in this case, to instruct the jury that they are to give it no weight, except for the purpose indicated.

The sayings of a person in possession of land, that it is his, are admissible to show adverse possession.   So it often happens that the acts of a party and his sayings are admissible, not to establish their truth, but to show that the party thought so.

We do not think the Judge violated any rule of law, in admitting this proof.   The jury were informed that they were only to consider it for one purpose, to-wit : as to its bearing on the Statute of Limitations.   For any other purpose it was not before the jury.   The estoppel was allowed its full effect.

It is admitted in the argument that, if this evidence was properly admitted, the verdict of the jury for the defendant is in accord with the evidence, since they had a right to believe it, and if so, the action was barred.

Judgment affirmed.